UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOUGLAS BARNES (#402782)

VERSUS                                              CIVIL ACTION

BURL CAIN                                           NUMBER 07-274-JJB-SCR

**ORDER**

Before the court is the Petition For Writ of Habeas Corpus Under 28 U.S.C. § 2254 By a Person in State Custody filed on behalf of Douglas Barnes, including the Supplemental Petition for Writ of Habeas Corpus Under 12 (sic) U.S.C. § 2254 By a Person in State Custody.  Record document numbers 1 and 50, respectively.

**I. Procedural History**

Petitioner was found guilty of one count second degree murder in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on April 2, 2001.  Petitioner was sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence.

The Louisiana First Circuit Court of Appeal affirmed the conviction and sentence.  *State of Louisiana v. Douglas Barnes*, 2002-0572 (La. App. 1st Cir. 11/20/02), 836 So.2d 704 (Table). Petitioner's application for supervisory review was denied by the Louisiana Supreme Court.  *State of Louisiana v. Douglas Barnes*,

2002-3139 (La. 9/26/03), 854 So.2d 346.

Petitioner filed an application for post-conviction relief ("PCRA") in the state district court on September 24, 2004. Petitioner raised the following grounds for relief:

(1) he was denied a right to a fair trial when;

    (a) the trial court erred in denying his motion for post-verdict judgment of acquittal, or modified verdict, or new trial because the evidence adduced at trial was legally insufficient to support the conviction;

    (b) the trial court erred in denying his motion for severance and motion for new trial, which was based, in part, on an erroneous ruling with regard to the motion for severance; and

    (c) the prosecution withheld exculpatory evidence in violation of *Brady v. Maryland*;[1]

(2) he was denied effective assistance of counsel on appeal;

(3) he received an excessive sentence.

Petitioner filed a supplemental PCRA on March 1, 2005, raising the following additional grounds:

(4) there was insufficient evidence to support the conviction; and

(5) he was denied effective assistance of counsel on appeal.

---

[1] 373 U.S. 83, 83 S.Ct. 1194 (1963).

The state district court denied the petitioner's PCRA on September 20, 2005. Petitioner sought supervisory review from the Louisiana First Circuit Court of Appeal. The appellate court denied review. *State of Louisiana v. Douglas Barnes*, 2005-2614 (La. App. 1st Cir. 4/10/06). Petitioner sought review by the Louisiana Supreme Court. The Louisiana State Supreme Court denied review. *State of Louisiana v. Douglas Barnes,* 2006-1106 (La. 2/2/07), 948 So.2d 189.

Petitioner filed his Petition For Writ of Habeas Corpus Under 28 U.S.C. § 2254 By a Person in State Custody (hereafter, "Original Petition") on May 1, 2007. Petitioner asserted the following grounds for relief:

    (1) the State withheld exculpatory evidence in violation of his due process rights;

    (2) he was denied the right to cross-examine a witness; and,

    (3) there was insufficient evidence to support the conviction.

On September 28, 2008, a Magistrate Judge's Report was issued recommending that the Original Petition be denied.[2] Petitioner filed an objection to the report and recommendation.[3] The matter was referred back to the magistrate judge for the issuance of a supplemental report addressing the objections raised by the

---

[2] Record document number 16.

[3] Record document number 17.

petitioner.[4]  On October 27, 2008, a Supplemental Magistrate Judge's Report was issued, once again recommending that the Original Petition be denied.[5]

On May 1, 2009, the petitioner filed Petitioner's Motion to Hold Habeas Corpus Petition in Abeyance.[6]  Following oral argument, the Petitioner's Motion to Hold Habeas Corpus Petition in Abeyance was granted.[7]  On July 13, 2012, this case was administratively terminated without prejudice to the right of the parties to reopen the case.[8]

Petitioner returned to state court, where he filed his second PCRA in the state district court on May 4, 2009.[9]  Petitioner raised a single ground for relief:

> (1) newly discovered evidence — the affidavit of Joseph Cosimini executed on March 18, 2009, - impeaches the testimony of Alan Hill and Chad Babineaux.[10]

Petitioner supplemented his second PCRA on July 2, 2009, raising the following additional grounds for relief:

---

[4] Record document number 18.

[5] Record document number 19.

[6] Record document number 30.

[7] Record document number 39.

[8] Record document number 47.

[9] Record document number 50-3.

[10] *Id.*

4

(2) the prosecution withheld favorable evidence regarding the sentencing agreement with Cosimini, in violation of the petitioner's due process rights;

(3) the prosecution knowingly introduced false testimony, i.e., it concealed the sentencing agreement with Cosimini in exchange for his testimony; and,

(4) the petitioner was denied the right to confront Cosimini about the deal between him and the district attorney.[11]

On January 10, 2013, the state district court denied the petitioner's second PCRA on the grounds that the PCRA was untimely and repetitive, pursuant to La.C.Cr.P. arts. 930.8 and 930.4, respectively.[12] Petitioner sought supervisory review by the Louisiana First Circuit Court of Appeal. The appellate court denied review. *State of Louisiana v. Douglas Barnes*, 2013-0339 (La. App. 1st Cir. 5/8/13).[13] Petitioner sought review by the Louisiana Supreme Court. The Louisiana State Supreme Court denied review. *State of Louisiana v. Douglas Barnes,* 2013-1289 (La. 10/11/13), 123 So.3d 1226.

---

[11] Record document number 50-4.

[12] Record document numbers 50-10 and 50-13. A copy of the trial court's ruling was not attached as an exhibit to the supplemental petition. However, the petitioner referenced the trial court's ruling and the basis for the decision in his applications for supervisory review by the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court.

[13] Record document number 50-12.

On January 22, 2014, the petitioner filed a Motion to Remove Stay and Abey in this court.[14] Petitioner also filed a Supplemental Petition for Writ of Habeas Corpus Under 12 (sic) U.S.C. § 2254 By a Person in State Custody (hereafter, "Supplemental Petition").[15] Therein the petitioner asserted the following four grounds for relief:

I.  the prosecution withheld favorable and impeachment evidence regarding the sentencing agreement with Cosimini and allowed Cosimini to testify falsely regarding the sentencing agreement, in violation of the petitioner's due process rights;

II. he was denied his Sixth Amendment right to confront Cosimini regarding the sentence agreement;

III. there was insufficient evidence to support the conviction; and,

IV. newly discovered evidence casts doubt on the petitioner's second degree murder conviction, i.e., the petitioner is actually innocent.

## II. Mixed Petition

The State argued in its Memorandum in Opposition to Petition for Writ of Habeas Corpus that Ground IV asserted in the

---

[14] Record document number 48.

[15] Record document number 50.

Supplemental Petition is clearly not exhausted.

One of the threshold requirements for a § 2254 petition is that, subject to certain exceptions, the petitioner must have first exhausted in state court all of his claims before presenting them to the district court. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State....") The Supreme Court has interpreted § 2254(b)(1) to require dismissal of a habeas corpus petition if it contained even a single unexhausted claim - the "total exhaustion" requirement. *Rose v. Lundy*, 455 U.S. 509, 518-19, 102 S.Ct. 1198 (1982).

In *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005), the Supreme Court created an exception to *Lundy* for mixed petitions. The Supreme Court held that a district court may stay a mixed petition rather than dismiss it, holding the petition in abeyance while the petitioner seeks exhaustion of any unexhausted claims in state court. *Id.* However, the Court feared that liberal use of this stay-and-abeyance procedure might undermine the Antiterrorism and Effective Death Penalty Act's twin purposes of encouraging the swift execution of criminal judgments and favoring the resolution of habeas claims in state court, if possible, before resorting to federal review. *Id.* at 276-78, 125 S.Ct. at 1534-35. Therefore,

7


*Rhines* mandated that a district court should grant a stay and abeyance only in limited circumstances where: (1) the petitioner had good cause for his failure to exhaust his claims first in state court, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*.

The State understood the petitioner to be asserting in Ground IV of the Supplemental Petition that he is actually innocent of the crime for which he was convicted, and that his actual innocence claim is a stand-alone ground for relief. The State's interpretation is a fair reading of the petitioner's Ground IV.[16] As such, the petitioner fails to satisfy the three requirements set forth in *Rhines* as to Ground IV, understood as an actual innocence claim. First, a careful review of the petitioner's state court filings does not reveal any good reason for not asserting his actual innocence as a ground for relief in his second PCRA. Second, the Supreme Court has never held that actual innocence is a stand-alone ground for granting federal habeas corpus relief.

---

[16] See record document number 50, p. 12-13, where the petitioner made the following arguments: "There is a constitutional right, enforceable in habeas corpus proceedings, to freedom from convictions later shown to be erroneous on the basis of newly discovered evidence."; "Federal courts traditionally have held that newly discovered proof of innocence makes out a cognizable habeas corpus claim when coupled with an independent constitutional violation."; "If this case were presented to a jury today, the evidence would neither support a conviction based on Barnes having delivered fatal blows, or support a conviction [of] Barnes as a principal to the murder."

Third, as to engaging in dilatory litigation tactics, the petitioner obviously seeks to have this court address the merits of Ground IV notwithstanding his apparent failure to exhaust it. However, it is not clear at this time whether the petitioner would seek another stay and abey order so that he may again return to the state court to exhaust his actual innocence claim.  Should he do so, that would be a clear indication that the petitioner is engaging in dilatory litigation tactics.

Should this court's and the State's interpretation of the petitioner's Ground IV claim be incorrect - meaning that he is not asserting his actual innocence as a basis for federal habeas corpus relief - the petitioner needs to file an amended petition clarifying his claim in Ground IV.

Therefore;

IT IS ORDERED that, if the petitioner is asserting his actual innocence as a basis for federal habeas corpus relief in Ground IV of the Supplemental Petition, the petitioner shall have 14 days from the date of this order to file a motion dismissing this ground for relief as it has not been fully exhausted through the state courts.

Alternatively;

IT IS ORDERED that, if the petitioner is not asserting his actual innocence as a basis for federal habeas corpus relief in Ground IV, the petitioner shall have 14 days to file an amended

petition clarifying his claim in Ground IV.

If the petitioner fails to comply with either of the above alternatives, Ground IV of his Supplemental Petition will be interpreted at asserting his actual innocence as a basis for federal habeas corpus relief.

Petitioner is cautioned that dismissal of his federal habeas corpus petition, which includes both the Original Petition and the Supplemental Petition, in its entirety as a mixed petition may adversely impact his ability to timely file another § 2254 petition.

Baton Rouge, Louisiana, April 24, 2014.

*[signature]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE